UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RODERICK L. HYMON, | Case No. 2:24-cv-00287-MMD-NJK |
|---|---|
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

**I.    SUMMARY**

*Pro se* Petitioner Roderick L. Hymon has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and an application for leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1 ("Petition").) The Court finds good cause to grant Hymon's IFP application. This Court now reviews the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the Court finds that the Petition is unexhausted and federal abstention is required.

**II.   BACKGROUND**[1]

On July 19, 2023, the State filed a criminal information charging Hymon with attempted battery causing substantial bodily harm and assault with a deadly weapon. *State of Nevada v. Roderick Hymon*, Case No. C-23-375514-1. Hymon pleaded guilty on July 24, 2023, under a guilty plea agreement. Hymon's sentencing hearing was scheduled for August 30, 2023, but the matter was continued. Following a status check on September 26, 2023, the state court entered a commitment and order for Hymon to undergo a competency evaluation. Following his evaluation, a hearing was held on

---

[1]This Court takes judicial notice of the online dockets of the Eighth Judicial District Court and Nevada appellate courts.

October 25, 2023, and the state court found Hymon to be incompetent. The state court entered an order of commitment under NRS § 178.425 on October 26, 2023.

On November 7, 2023, Hymon moved to dismiss his counsel. The state court held a hearing on Hymon's motion on December 1, 2023, and it appears that the state court verbally denied the motion at that hearing. Hymon filed a notice of appeal. On December 22, 2023, the Nevada Supreme Court dismissed the appeal, explaining that "[t]he district court has not entered a written order resolving appellant's motion to dismiss counsel or any other request for relief. Moreover, even if the court had entered a written order, no statute or court rule permits an appeal from the aforementioned district court orders." *Roderick Lamar Hymon v. State of Nevada*, 87740. Hymon petitioned for rehearing, but the Nevada Supreme Court denied the request on January 23, 2024.

According to the Clark County Detention Center's inmate locator search, Hymon is currently "pending Lakes Crossing."

**III.    DISCUSSION**

In his Petition, Hymon alleges that the state court's incompetency finding was "illegal" because he "has not been evaluated by any doctors." (ECF No. 1-1 at 2.) Hymon brings the following grounds for relief: (1) a violation of his rights to due process and equal protection because a doctor never evaluated him and he was not present at the state court's competency hearing, and (2) a violation of his right to effective assistance of counsel because his counsel has "deserted" him and has being acting as "a[n] agent of the State to persecute" him. (*Id*. at 6.) Hymon requests that this Court order the state court to sentence him and rule that there is no evidence of his incompetency. (*Id*. at 7.)

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Because a federal habeas petitioner incarcerated

by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until a petitioner has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *See Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (emphasizing that fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

Hymon has not alleged or demonstrated that he has fully exhausted his state court remedies. Although Hymon filed an appeal with the Nevada Supreme Court, he was appealing the state court's apparent denial of his motion to dismiss his counsel. Hymon's current federal grounds for relief concern the state court's competency finding. Hymon has not appealed this issue to the Nevada appellate courts. *See Picard v. Connor*, 404 U.S. 270, 276 (1971) (holding that to properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court"); *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994) (holding that a claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based). As a matter of simple comity, this Court is not inclined to intervene prior to giving the Nevada courts an opportunity to redress any violation of Hymon's constitutional rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should

have the first opportunity to address and correct alleged violations of state prisoner's federal rights").

Further, Hymon seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him. *See, e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980). The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added). *See also Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (noting that federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). This case does not present extraordinary circumstances. Defendants in state criminal proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Hymon's situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most fundamental right to liberty—in a pending criminal prosecution. Because Hymon faces no extraordinary or irreparable injuries, federal abstention is required.

**IV.   CONCLUSION**

It is therefore ordered that Petitioner Roderick L. Hymon's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1) is dismissed without prejudice. Hymon is denied a certificate of appealability, as jurists of reason would not find dismissal of the petition for the reasons stated herein to be debatable or wrong.

///

///

The Clerk of Court is further directed to (1) file the petition (ECF No. 1-1); (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents[2]; (3) informally serve the Nevada Attorney General with the petition (ECF No. 1-1), this order, and all other filings in this matter by sending a notice of electronic filing to the Nevada Attorney General's office; (4) enter final judgment; and (5) close this case.

DATED THIS 15th Day of February 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] No response is required from Respondents other than to respond to any orders of a reviewing court.